UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN T. CARIDAD, | No. 2:14-cv-1847 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| HARRY OREOL,[1] | |
| Respondent. | |

    This habeas corpus action is submitted for decision on respondent's motion to dismiss filed November 3, 2014, premised on petitioner's alleged failure to exhaust state court remedies. The court requires additional exhibits and briefing before it can reach a decision.

    Review of the state court record lodged by respondent demonstrates that it does not include copies of the California Supreme Court's orders dated January 15, 2014 (see Lodg. Doc. No. 4); April 16, 2014 (see Lodg. Doc. No. 6); or September 10, 2014 (see Lodg. Doc. No. 12). Instead, respondent has submitted docket reports from the California Supreme Court indicating that petitioner's petitions were denied on those dates. In the experience of the undersigned, it is

---

[1] Harry Oreol is Executive Director at Patton State Hospital, where plaintiff is detained. A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner. See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

1  common practice in federal habeas cases for Deputies Attorney General to lodge California
2  Supreme Court docket reports in lieu of the actual orders denying habeas petitions.[2] This practice
3  does not permit the court to perform the review required by 28 U.S.C. § 2254.[3]

4  The undersigned is aware from experience that California Supreme Court docket sheets
5  generally do reflect the content of orders denying habeas relief, including any citation to a
6  procedural bar.  However, the docket reports are not the source documents.  In light of this court's
7  duty to review what the state court actually did, see Cullen v. Pinholster, 131 S. Ct. 1388, 1399
8  (2011), the lodged state court record must include all state court orders denying relief.  A docket
9  report or similar substitute is not sufficient.  Therefore, counsel for respondent will be directed to
10 file (or lodge in paper) and serve, copies of the California Supreme Court's orders dated January
11 15, 2014, April 16, 2014, and September 10, 2014, denying Mr. Caridad's habeas petitions.

12 In addition, the court's review of the record indicates that the Sacramento County
13 Superior Court's recommitment orders for the years June 7, 2010 to June 7, 2011, and June 7,
14 2011 to June 7, 2012, were signed on the same date – January 6, 2012 – as the recommitment
15 order which respondent asserts is challenged herein (governing the commitment period June 7,
16 2012 to June 7, 2013).[4]  See Lodged Doc. No. 1 (Clerk's Transcript on Appeal) at 213-15.

---

[2] A docket report is not an order and does not conclusively establish the contents of the orders it references.  A docket report summarizes the procedural history of a case.  It documents the fact that relief was denied, but does not establish to the court's satisfaction whether or not the denial was without comment or citation.  The presence or absence of any stated reason for denial, no matter how briefly identified, or any citation to authority, has potential consequences for review under § 2254.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) (focus of 2254(d) review is "what a state court. . . did"); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (where state court's denial is unexplained, federal court must "look through" it to last reasoned decision); Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc) (where state court's denial is explained, federal court's analysis is limited to its actual reasoning and analysis); Cone v. Bell, 556 U.S. 449, 472 (2009) (where state court denial rests on procedural ground, federal court conducts de novo review of merits).

[3] While this court may occasionally take judicial notice of the California Supreme Court's docket in cases that do not require substantive Section 2254(d) review (e.g., to find that a state habeas petition was denied on a particular date in ruling on a motion to dismiss premised on the statute of limitations), the court is not persuaded that the instant case comes within these parameters.

[4] This court has not taken the narrow view asserted by respondent.  See Mtn. to Dismiss, ECF No. 40 at 3.  When this court directed respondent to file a response to the amended petition, the undersigned stated in pertinent part that while "the court construes petitioner's references to his (continued…)

Counsel for respondent is directed to file and serve a supplemental brief that addresses the effect, if any, of the contemporaneous signing of these orders on the validity of petitioner's recommitment for the period June 7, 2012 to June 7, 2013.  Among other things, respondent should discuss the implications of the post-hoc authorization of petitioner's commitment from June 7, 2010 until January 6, 2012 for petitioner's custodial status at the time his continued commitment through June 7, 2013 was authorized.

Respondent's supplemental brief should also expand upon the argument that petitioner failed to exhaust his state court remedies.  Respondent's motion, see ECF No. 40 at 3, references only the wording of petitioner's "Ground One" claim set forth in his October 3, 2013 petition for writ of habeas corpus filed in the California Supreme Court, Case No. S213786.  See Lodg. Doc. No. 3 at 3-4.  However, petitioner's "supporting facts" set forth therein reflect some commonality with petitioner's legal claims before this court, as previously construed by the undersigned.  See ECF No. 32 at 2.  Accordingly, respondent's supplemental brief should compare the substantive content of petitioner's "supporting facts" set forth in his October 3, 2013 California Supreme Court habeas petition (Case No. S213786) with the substance of petitioner's instant federal claims, and discuss the reasoning of the California Supreme Court in denying the petition (e.g., if the order denying the petition, like the docket entry, summarily cites People v. Duvall (1995) 9 Cal.4th 464, 474, and In re Swain (1949) 34 Cal.2d 300, 304, respondent shall address the significance of those citations).

Finally, counsel for respondent shall address whether the instant federal habeas petition is: (a) moot (the instant petition challenges one or more expired recommitment order), see e.g. Qawi v. Graziani, 2004 WL 725376, *1-2 (N.D. Cal. 2004); and/or (2) meets the "in custody" requirement for purposes of habeas review (the instant petition was filed after expiration of petitioner's 2012-13 recommitment order), see e.g. Townsend v. King, 2014 WL 2197553, *2-3 (E.D. Cal. 2014).

---

'conviction' as referring to the trial court's order civilly committing him as a mentally disordered offender . . . it is unclear which particular civil commitment order petitioner is challenging."  ECF No. 32 at 2.

3

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for respondent shall, within twenty-one (21) days after the filing date of this order, file (or lodge) the following documents with this court, and serve the same on petitioner: Copies of the California Supreme Court's orders dated January 15, 2014, April 16, 2014, and September 10, 2014, denying Mr. Caridad's habeas petitions.

2. Also within twenty-one (21) days after the filing date of this order, counsel for respondent shall file and serve a supplemental brief in support of respondent's motion to dismiss that:

   (i) Addresses the effect, if any, of the contemporaneous signing on January 6, 2012 of petitioner's recommitment orders for the periods June 7, 2010 to June 7, 2011; June 7, 2011 to June 7, 2012; and June 7, 2012 to June 7, 2013, on the validity of petitioner's commitment prior to January 6, 2012 and for the period June 7, 2012 to June 7, 2013;

   (ii) Addresses whether petitioner exhausted any of his instant federal claims based on the content of the "supporting facts" set forth in his October 3, 2013 California Supreme Court habeas petition (Case No. S213786); and

   (iii) Addresses whether petitioner's instant federal habeas petition is moot and/or meets the "in custody" requirement.

3. Petitioner may, within fourteen (14) days after service of respondent's supplemental brief and exhibits, file and serve a supplemental opposition.

4. Alternatively, counsel for respondent may, within seven days after the filing date of this order, request that the court vacate the pending motion to dismiss with leave to file an amended motion to dismiss within thirty days. In this event, petitioner shall refrain from filing any response pending further order of the court.

DATED: June 2, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE