UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN T. CARIDAD, | No. 2:14-cv-1847 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| HARRY OREOL, | |
| Respondent. | |

Petitioner is a civil detainee proceeding pro se and in forma pauperis with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF No. 27; see also ECF No. 1 (original petition), and petitioner's several other miscellaneous filings. Petitioner challenges his ongoing civil detention at Patton State Hospital which commenced in 2009, when he was adjudged a Mentally Disordered Offender under California Penal Code § 2970. Petitioner has continued to be held at Patton State Hospital under extended commitment orders issued by the Sacramento County Superior Court. Petitioner is currently incarcerated at the Sacramento County Main Jail, apparently awaiting proceedings on another petition for continued commitment.

Currently pending is respondent's second motion to dismiss the petition, which is little more than one page in length. See ECF No. 51. This motion fails to address the important questions posed by this court by order filed June 3, 2015, including matters of jurisdiction and standing. See ECF No. 44. Among the unanswered questions is the significance, as a matter of

1   federal due process, of "the contemporaneous signing on January 6, 2012 [by the Sacramento
2   County Superior Court] of petitioner's recommitment orders for the periods June 7, 2010 to June
3   7, 2011; June 7, 2011 to June 7, 2012; and June 7, 2012 to June 7, 2013." Id. at 4.  Respondent
4   now informs the court, without comment, that the Superior Court again contemporaneously
5   signed, on August 20, 2015, three separate orders extending petitioner's civil commitment for the
6   periods June 7, 2013 to June 7, 2014, June 7, 2014 to June 7, 2015, and June 7, 2015 to June 7,
7   2016.  See ECF No. 51 at 3-5; see also ECF No. 49 at 5-10 (underlying petitions for continued
8   commitment).  While these orders may reflect no more than a possible violation of state statute,[1]
9   otherwise noncognizable on federal habeas, plaintiff's repeated challenges to these and related
10  matters[2] raise federal due process flags that the undersigned again concludes require further
11  development and the court's reasoned consideration.
12      In light of petitioner's demonstrated inability to clearly identify the federal claims he
13  pursues in this action, together with difficult questions of jurisdiction and substance, and the
14  proscription against second or successive Section 2254 petitions, the court has reconsidered the
15  merits of petitioner's prior request for appointment of counsel.  See ECF Nos. 30, 32.  Although
16  there is no absolute right to appointment of counsel in habeas proceedings, Nevius v. Sumner,
17  105 F.3d 453, 460 (9th Cir. 1996), this court finds, under 18 U.S.C. § 3006A, that the interests of
18  justice require appointment of counsel for petitioner at the present time.  See Rule 8(c), Fed. R.
19  Governing § 2254 Cases.
20  ////

---

[1] See e.g., Cal. Penal Code § 2972(a) (the hearing on a petition for continued commitment "shall commence no later than 30 calendar days prior to the time the person would otherwise have been released, unless the time is waived by the person or unless good cause is shown").

[2] The court's concerns regarding the timing of these orders are mirrored in the allegations of petitioner's FAP and "supplement," e.g., challenging "a railroad of dates sent to me at PSH by the Sacramento DA's Office starting on 6/4/09 (original parole date) and ending on 7/10/09.  No trial set!," FAP, ECF No. 27 at 4; "two incorrect petitions filed to extend MDO commitment," id.; "petitions never ruled on prior to lower court's decision," id. at 5; "contesting timeliness of trial – trial court failed to set trial prior to 30-day limit and the prosecutor fail[ed] to extend petition prior to commitment on petition was to expire 6/7/16 . . . trial is not conducted until 44 days after time of release date. . . .," ECF No. 54 at 2-3; "failed to provide trial prior to release date.  I am not advised of jury trial nor am I given right to two mental evaluations or subpoena witnesses.  Trial is set 44 days after time of release," id. at 4.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss filed September 2, 2015, ECF No. 51, is denied without prejudice.

2. Petitioner's request for appointment of counsel, ECF No. 30, previously denied without prejudice (ECF No. 32), is now granted.

3. The Federal Defender is appointed to represent petitioner.

4. Petitioner's counsel shall, within ninety (90) days after the filing date of his order, file a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, <u>OR</u> a fully-briefed request that this action be voluntarily dismissed due to this court's lack of jurisdiction, petitioner's lack of standing, petitioner's inability to state a cognizable federal claim, and/or for any other appropriate reason.

5. The Clerk of the Court is directed to serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

SO ORDERED.

DATED: September 21, 2016

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE