UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN T. CARIDAD,<br><br>Petitioner,<br><br>v.<br><br>NORM KRAMER,[1]<br>Acting Executive Director,<br>Napa State Hospital,<br><br>Respondent. | No. 2:14-cv-1847 KJM AC P<br><br><br>ORDER |

I. Introduction

On September 12, 2018, this court heard third-party Kenneth Rosenfeld's motion to quash petitioner's subpoenas, ECF No. 115, and petitioner's motion to compel further discovery, ECF No. 117. Petitioner was represented by attorney Marylou Hillberg; respondent was represented by Deputy Attorney General David Eldridge; Mr. Rosenfeld was represented by attorney Neal Sawyer. For the reasons set forth below, and subject to the following parameters, Mr.

---

[1] By notice filed August 8, 2018, May 29, 2018, petitioner identified Norm Kramer as the appropriate respondent in this case at the present time. See ECF No. 116. A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner. See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Therefore, pursuant to Fed. R. Civ. P. 25(d), Norm Kramer, Acting Executive Director of Napa State Hospital, will be substituted as respondent herein.

Rosenfeld's motion to quash is denied, and petitioner's motion for further discovery is granted.

This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, challenges petitioner's recommitments to the California Department of State Hospitals under California's Mentally Disordered Offenders Act. See Cal. Penal Code § 2972 et seq. Mr. Rosenfeld has represented petitioner at the state civil commitment proceedings. Currently pending is respondent's motion to dismiss this action on, inter alia, timeliness grounds. Petitioner contends he is entitled to equitable tolling due to his severe mental illness and the alleged abandonment of Mr. Rosenfeld. The court has previously determined that an evidentiary hearing will be necessary to evaluate these matters, and granted petitioner leave to conduct discovery in support of his equitable tolling arguments. The instant discovery disputes followed.

The court clarified at the hearing on these matters that the relevant period for assessing equitable tolling on abandonment grounds is January 1, 2013 through June 30, 2017. Therefore, all further discovery requests, and production of materials, shall be within this time frame unless otherwise noted.

II.     Rosenfeld's Motion to Quash

Rosenfeld moves to quash two of petitioner's subpoenas: (a) the subpoena served on Rosenfeld for his legal file representing petitioner; and (b) the subpoena served on the Sacramento County Conflict Criminal Defenders Panel ("Panel") for Rosenfeld's billing records representing petitioner. See Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

Rosenfeld challenges the subpoena served on him based on the alleged inability of petitioner to make a knowing and voluntary waiver of the attorney client privilege; the attorney work product privilege; because compliance would negatively impact third parties; and overbreadth. Rosenfeld challenges the subpoena served on the Panel on the grounds that it violates the attorney client and work product privileges.

Petitioner seeks these materials in support of his abandonment claim, for the purpose of comparing Rosenfeld's alleged visits with, and legal work performed for, petitioner, with the actual legal file, Rosenfeld's billing records, and petitioner's visitation records at both state hospitals. The court is persuaded that Rosenfeld's legal file and billing records are relevant to

2

petitioner's abandonment claim, and proportional to the needs of this case. See Fed. R. Civ. P. 26(b). Full development of the facts concerning Rosenfeld's representation of petitioner may demonstrate entitlement to equitable tolling and should therefore be disclosed. Bracy, 520 U.S. at 908-09. The court is satisfied that petitioner has validly waived attorney-client privilege vis-à-vis Rosenfeld's file by asserting, through federal habeas counsel, Rosenfeld's abandonment as grounds for equitable tolling. See, generally, Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003). Moreover, the protective order filed contemporaneously with this order limits the use of these materials to this federal habeas proceeding and thus protects the confidentiality of these materials.

For these reasons, Rosenfeld's objections are overruled, and both the Rosenfeld and Panel subpoenas will be enforced, with a compliance date of October 1, 2018.

III.  Petitioner's Motion for Further Discovery

Petitioner seeks the following further discovery: (a) leave to serve two further subpoenas duces tecum, one to Napa State Hospital and one to Patton State Hospital, each seeking "any and all legal mail receipts, or other mailroom records, of all legal correspondence received by Mr. Caridad" during the relevant period; and (b) written interrogatories to Patton State Hospital to clarify the response of its Custodian of Records to petitioner's subpoena for his visitation records. Petitioner was confined at Patton State Hospital from 2013 until December 2016, when he was transferred to Napa State Hospital, where he remains confined. As with the preceding discovery, petitioner seeks to demonstrate abandonment, in part, by comparing Rosenfeld's legal file and billing records with petitioner's visitation records at Patton and Napa State Hospitals.

Pursuant to Rule 6, Federal Rules Governing § 2254 Cases, a district court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of the discovery." Rule 6(a), Fed. R. Gov. § 2254 Cases. In construing this rule, the Supreme Court has stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (internal citation and quotation marks omitted).

A.     Two Additional Subpoenas Duces Tecum

Petitioner's counsel explains that, when issuing the initial subpoenas in an effort to identify plaintiff's relevant legal correspondence, she "mistakenly understood the records of legal mail kept by these institutions were in the form of photocopies of the envelopes" and thus she sought only "copies of the outside of the envelopes." ECF No. 117 at 14. Petitioner's counsel states that respondent's counsel informed her that the state hospitals instead have "legal mail receipts" and respondent has no objection to providing them. Id. Respondent's counsel also informs the court that he does not oppose issuance of supplemental subpoenas seeking this information. ECF No. 118 at 1-2.

Petitioner's legal correspondence is clearly relevant to petitioner's abandonment claim. For this reason, and in light of respondent's non-opposition, the court authorize the additional subpoenas. The Clerk of Court will be directed to send petitioner two subpoenas for immediate service on Patton and Napa State Hospitals, which shall identify a compliance date of October 1, 2018.

B.     Interrogatories to Patton State Hospital

Petitioner seeks leave to propound limited written interrogatories to Patton State Hospital, see ECF No. 117 at 41-5 (proposed interrogatories), to clarify the response of its Custodian of Records to petitioner's subpoena for his visitation records. The custodian responded only that "'visitation records' as to any visitor to Benjamin Caridad . . . do not exist." See ECF No. 120 at 8. Respondent opposes the requested interrogatories on the ground that Patton State Hospital's response was responsive to the language of the subpoena, and no further discovery has been authorized. Respondent has provided petitioner with his visitation records from Napa State Hospital, as well as his medical records from both hospitals.

It is clear from petitioner's proposed interrogatories, and the statements of petitioner's counsel at the hearing, that petitioner reasonably seeks to ascertain whether Patton State Hospital's response means in fact that petitioner had no visitors during the relevant period. As petitioner notes, the custodian's letter could be interpreted to mean that the hospital maintains visitation records, and the absence of such records for petitioner during the relevant period

4

demonstrates that he had no visitors; or that the hospital maintains visitation records, but those pertaining to petitioner and/or the relevant period do not, or no longer, exist; or that the hospital did not, during the relevant period, maintain visitation records for any patient.

The court finds that clarification of Patton State Hospital's subpoena response is relevant to petitioner's abandonment claim, and will therefore grant petitioner leave to serve the proposed interrogatories, with a compliance date of October 1, 2018.

IV. Petitioner's Request for Sanctions

Petitioner seeks monetary and other sanctions against Rosenfeld and the Panel for unreasonably multiplying the pleadings, time, and expenses involved in these matters, including the failure of each party to file an opposition to petitioner's motion to compel. See Fed. R. Civ. P. 37(b).

The court declines to impose sanctions on these grounds. Rosenfeld timely filed a motion to quash the subpoena issued to him, and appropriately represented his own interests and those of petitioner in opposing the Panel subpoena. The discovery disputes involve confidential material and the court is requiring disclosure pursuant only to a protective order. The parties' positions reflect reasonable disputes. Therefore, petitioner's request for sanctions will be denied.

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Rosenfeld's motion to quash subpoenas, ECF No. 115, is DENIED.

2. Rosenfeld shall, on or before October 1, 2018, produce his entire legal file reflecting his representation of petitioner for the period January 1, 2013 through June 30, 2017, according to the procedures and protective order filed contemporaneously with this order.

3. The Sacramento County Conflict Criminal Defenders Panel shall, on or before October 1, 2018, produce Mr. Kenneth Rosenfeld's billing records that reflect his representation of petitioner for the period January 1, 2013 through June 30, 2017.

4. Petitioner's motion for further discovery, ECF No. 117, is GRANTED.

5. Petitioner shall immediately serve two subpoenas duces tecum, one to Patton State Hospital and one to Napa State Hospital, each seeking "any and all legal mail receipts, or other

5

mailroom records, of all legal correspondence received by Mr. Caridad" for the period January 1, 2013 through June 30, 2017; the compliance date shall be on or before October 1, 2018.

6. Petitioner shall immediately serve his proposed interrogatories on Patton State Hospital to clarify the Hospital's response to petitioner's subpoena for his visitation records; the relevant period shall be the period of petitioner's confinement in Patton State Hospital; the compliance date shall be on or before October 1, 2018.

7. Petitioner's request for sanctions, is DENIED.

8. The Clerk of Court is directed to send to petitioner's counsel, together with a copy of this order, two (2) subpoena duces tecum forms, signed but otherwise blank, pursuant to Fed. R. Civ. P. 45(a)(3).

9. The Clerk of Court is directed to change on the docket the name of the respondent in this action, as set forth in Footnote 1, supra.

IT IS SO ORDERED.

DATED: September 19, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE